UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR BERRELLEZA-VERDUZCO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C22-15-RSL<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

This matter comes before the Court on petitioner Victor Berrelleza-Verduzco's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. # 1).

On April 24, 2013, petitioner pleaded guilty to conspiracy to distribute controlled substances, conspiracy to engage in money laundering, conspiracy to interfere with commerce by robbery, and conspiracy to possess firearms in furtherance of drug trafficking crimes. See United States v. Berrelleza-Verduzco, Case No. CR12-62-RSL (W.D. Wash.) ("CR") at Dkt. # 856. On September 13, 2013, he was sentenced to twenty years. Id. at Dkt. # 1100. He submitted a Notice of Appeal to the Ninth Circuit on September 20, 2013. Id. at Dkt. # 1103. In a memorandum dated January 23, 2015, the Ninth Circuit affirmed the Court's judgment. See United States v. Berrelleza-Verduzco, 590 F. App'x 707 (Mem.) (9th Cir. 2015).

Petitioner filed a motion under 28 U.S.C. § 2255 on November 15, 2016 ("the First Motion"), claiming that his sentence was unconstitutional under the Supreme Court's ruling in

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE - 1

Johnson v. United States, 576 U.S. 591 (2015).  See CR at Dkt. # 1431.  Petitioner's First Motion was denied because it was untimely.  CR at Dkt. # 1437; see 28 U.S.C. § 2255(f).  The Court also held that petitioner could not invoke Johnson for a reduction in his sentence and, regardless, the First Motion was filed more than one year after Johnson.  See CR at Dkt. # 1437.

     Petitioner filed a second motion under 28 U.S.C. § 2255 on April 13, 2018 ("the Second Motion"), claiming that (i) his appellate counsel was ineffective in not raising the Court's denial of his pretrial motion to suppress evidence on appeal and (ii) he was entitled to a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.  See Berrelleza-Verduzco v. United States, Case No. C18-553-RSL (W.D. Wash.) ("C18") at Dkt. # 1.  The Court held that it lacked jurisdiction to consider petitioner's Second Motion, as he had not obtained the required certification from the Ninth Circuit to bring a second or successive § 2255 motion.  See C18 at Dkt. # 7; 28 U.S.C. § 2255(h).  The Court also found that the Second Motion was untimely and would fail on the merits even if not statutorily barred.  See C18 at Dkt. # 7; 28 U.S.C. § 2255(f).

     Petitioner next filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the conditions he allegedly endured over the previous year, including contracting COVID-19.  See CR at Dkt. # 1507.  The Court denied petitioner's motion for compassionate release without prejudice on the ground that he had failed to show compliance with the applicable exhaustion requirement.  See CR at Dkt. # 1514; 18 U.S.C. § 3582(c)(1)(A).

     Petitioner then filed the § 2255 motion currently before the Court on January 3, 2022 (the "Third Motion").  Dkt. # 1.  Petitioner asserts that:

    1. His trial counsel was ineffective due to conflict of interest because, unbeknownst to petitioner, his trial counsel, Julian Trejo, was married to and shared a legal practice with George Trejo, the attorney representing petitioner's co-defendant and brother, Ivan Berrelleza-Verduzco.  Petitioner states that he first learned his brother's attorney's last name and that he was married to petitioner's attorney two weeks ago.  See Dkt. # 1 at 5-6.  Presented as a separate ground, petitioner argues that the Court

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE - 2

and the prosecutors knew or should have known that petitioner and his brother were being represented by married attorneys sharing a legal practice because the Court and the prosecutors could see their last names and it was clear that the married attorneys regularly practiced before the Court and with the same prosecutors. Dkt. # 1 at 7-8.[1]

2. His trial counsel was ineffective because he failed to argue that petitioner should receive a downward sentencing departure or variance under United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994). Dkt. # 1 at 8. Petitioner argues that this claim is grounded in new law set forth in United States v. Thomas, 999 F.3d 723 (D.C. Cir. 2021), which was decided on June 11, 2021. Dkt. # 1 at 8-9.

3. 18 U.S.C. § 3624(c) is unconstitutional because it violates the Fifth Amendment equal protection clause. 18 U.S.C. § 3624(c) directs the Bureau of Prisons, to the extent practicable, to ensure that prisoners are placed in community correctional facilities and grants the Bureau of Prisons authority place prisoners in home confinement. See Dkt. # 1 at 10; 18 U.S.C. § 3624(c).[2] Petitioner argues that the statute is unconstitutional because non-U.S. citizens are ineligible for its benefits. See Dkt. # 1 at 10. Petitioner states that this claim is likewise grounded in new law set forth in Thomas. Dkt. # 1 at 8-9.

The Court lacks jurisdiction to consider petitioner's Third Motion, as he has not obtained the required certification from the Ninth Circuit. See 28 U.S.C. § 2255(h). "A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." United States v. Washington, 653 F.3d 1057,

---

[1] Petitioner does not explicitly couch this claim in terms of "ineffective assistance of counsel," but rather refers to his attorney's "conflict of interest." See Dkt. # 1 at 5. However, the Court understands this as a claim for ineffective assistance of counsel, as the Supreme Court has long held that an attorney's conflict of interest may constitute a violation of the defendant's Sixth Amendment right to counsel. See Glasser v. United States, 315 U.S. 60, 75-76 (1942).

[2] Petitioner also references the First Step Act, which allows good time credit towards early release and is codified in 18 U.S.C. § 3624(b) and the Bureau of Prison's Residential Drug Abuse Program (RDAP), which is codified in 18 U.S.C. § 3621(e). See Dkt. # 1 at 10.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE - 3

1065 (9th Cir. 2011) (quoting <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1054 (9th Cir. 2011)); <u>see</u> <u>also</u> <u>United States v. Buenrostro</u>, 638 F.3d 720, 725-26 (9th Cir. 2011) (holding that § 2255 claims where the factual predicate existed at the time of the first habeas petition qualify as second or successive claims even if petitioner did not discover the facts until after the first petition). On this ground alone, petitioner's Third Motion must be denied.

Petitioner's Third Motion—like the first and second—is also untimely. The Ninth Circuit affirmed the Court's decision on January 23, 2015. CR at Dkt. # 1368. The governing statute provides petitioner with a one-year period to file a § 2255 motion, and the period started to run on April 23, 2015. <u>See</u> 28 U.S.C. § 2255(f)(1); <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Supreme Court Rule 13.3. The Third Motion was filed almost seven years later.

Petitioner asserts two grounds to circumvent utilizing April 23, 2015 as the beginning of the one-year limitation period: (i) that he just discovered the relevant underlying facts, and (ii) that his claims are grounded in new caselaw. Both fail.

First, petitioner asserts that he only learned two weeks ago that his and his brother's attorneys had the same last name and were married. Dkt. # 1 at 6. While § 2255(f)(4) establishes that discovery of new facts may allow the one-year limitation period to restart, it does not ask when petitioner personally discovered the facts. Rather, it asks when the facts *could have* been discovered through the exercise of due diligence. <u>See</u> 28 U.S.C. § 2255(f). Due diligence "is an inexact measure of how much delay is too much," but "the statute's use of an imprecise standard is no justification for depriving the statutory language of any meaning." <u>Johnson v. United States</u>, 544 U.S. 295, 309, n.7 (2005). The names of the attorneys of petitioner and his brother were public record during the trial. <u>See</u>, e.g., CR at Dkt. # 127 (notice of appearance of George P. Trejo, Jr. on behalf of Ivan Berrelleza-Verduzco); CR at Dkt. # 171

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE - 4

(notice of appearance of Julian Trejo on behalf of Victor Berrelleza-Verduzco). That petitioner delayed almost seven years to discover a publicly available fact does not show diligence.

Second, petitioner asserts that Thomas is new caselaw that recognizes his claims for ineffective assistance of counsel because his trial attorney did not seek a "Smith variance" and for unconstitutionality of 18 U.S.C. § 3624(c). The one-year time bar to bring a habeas petition may restart on "the date on which the right asserted was initially recognized by the *Supreme Court*." 28 U.S.C. § 2255(f)(3) (emphasis added). However, Thomas was decided by the D.C. Circuit, not the Supreme Court. Therefore, even if Thomas recognized a new right applicable to petitioner (which it does not), it is insufficient to restart the clock under § 2255(f).

The Court finds that no notice is required to be served upon the United States attorney and no evidentiary hearing is required because the motion and the files and records of the case conclusively show that petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). Nor has petitioner made a "substantial showing of the denial of a constitutional right" that would entitle him to a certificate of appealability. Id. § 2253(c)(2).

The Court further notes in relation to petitioner's "Request for a Court Document," (CR at Dkt. # 1537) that there is not a template "form of *coram nobis*" document available. The Court reminds petitioner that the extraordinary writ of error *coram nobis* is not available to individuals in custody. See Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002).

For the foregoing reasons, petitioner's motion is DENIED. Petitioner is further DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 18th day of January, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE - 5